989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MELVIN BYRD, Plaintiff-Appellant,
v.
W. JEFF REYNOLDS, Defendant,
HOWARD CARLTON; WILLIE GRACE ANGEL, Defendants-Appellees.
 No. 92-5627.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Melvin Byrd is a pro se Tennessee prisoner who appeals a district court judgment dismissing his civil rights suit filed under 42 U.S.C. § 1983. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Byrd alleged that the defendants violated his Fourteenth Amendment right to due process by placing him in administrative segregation until he submitted to a screening test for tuberculosis. On March 27, 1992, the district court granted the defendants' motion for dismissal under Fed.R.Civ.P. 12(b)(6). It is from this judgment that Byrd now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 A complaint may be dismissed under Rule 12(b)(6) if the plaintiff undoubtedly can prove no set of facts that would entitle him to relief on his claims, even when the complaint is construed in a light most favorable to him and all of his factual allegations are accepted as true. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Byrd alleged that he was segregated pursuant to a policy that concerned the isolation of inmates who posed a threat to institutional security. This factual question must be resolved in his favor under Rule 12(b)(6).
 
 
 4
 An inmate who is segregated to safeguard institutional safety or to conduct an investigation of unresolved misconduct charges is only entitled to notice of the reasons for his transfer and an opportunity to present his views to the appropriate official. Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989) (citing Hewitt v. Helms, 459 U.S. 460, 476 (1983)). Byrd does not argue that he was segregated as punishment for violating a specific prison rule, and he does not allege that his good time was ever in jeopardy. Thus, Byrd was only entitled to the minimal due process protections that are prescribed in Hewitt. See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988).
 
 
 5
 A de novo review of the complaint shows that Byrd knew that he was being transferred because he refused to submit to a screening test for tuberculosis. The complaint also indicates that Byrd argued his position to the nurse who initially requested his transfer and that he subsequently protested his segregation by filing a grievance. Under these circumstances, Byrd received all of the process that was constitutionally required by Hewitt. See Childs v. Pellegrin, 822 F.2d 1382, 1386 (6th Cir.1987).
 
 
 6
 Accordingly, Byrd's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.